**FILED**

**October 14, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:59 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Thomas Gilbert, | ) | Docket No.: 2016-06-0832 |
| Employee, | ) | |
| v. | ) | |
| United Parcel Service, Inc. | ) | State File No.: 33590-2016 |
| Employer, | ) | |
| And | ) | |
| Liberty Mutual Insurance Company, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING PAST TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on October 13, 2016, on the second Request for Expedited Hearing filed by Mr. Gilbert pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Gilbert seeks an award of temporary disability benefits commencing from the last day he worked until UPS initiated post-surgery temporary total disability payments. For the reasons set forth below, the Court finds Mr. Gilbert is not likely to prevail at a hearing on the merits and denies his request at this time.[1]

### History of Claim

For the sake of brevity, the Court incorporates by reference the claim histories set forth in its July 12, 2016 Expedited Hearing Order and Appeals Board Order filed on August 24, 2016. (T.R. 11, 12.)

To summarize the critical past events, this Court found in the July 12 Order that Mr. Gilbert came forward with sufficient evidence to show he is likely to prevail at a hearing on the merits regarding the compensability of his alleged new injury, an aggravation of a preexisting work injury to his left knee as a result of repetitive climbing

---

[1] A complete listing of the technical record and exhibits admitted at both Expedited Hearings is attached to this Order as an appendix.

1

into his work vehicle. The Court ordered medical benefits, namely knee-replacement surgery, but denied Mr. Gilbert's request for temporary disability benefits from May 6, 2016, the day he alleged UPS sent him home, because Mr. Gilbert did not introduce a medical opinion restricting him from work. Mr. Gilbert appealed this portion of the Court's Order. The Appeals Board affirmed without deciding whether medical evidence is required to establish temporary disability and instead held it could not determine from the affidavit of his supervisor or the record as a whole that UPS determined Mr. Gilbert was disabled or deemed unable to work. *Gilbert v. United Parcel Serv., et al.,* No. 2016-06-0832, 2016 TN Wrk. Comp. App. Bd. LEXIS 38, at *15-16 (Tenn. Workers' Comp. App. Bd. Aug. 24, 2016).

In support of the present request, Mr. Gilbert submitted a one-page "Work Comp Status Sheet." (Ex. 12.) UPS contested the admissibility of this document into evidence. The form lists his work status as "return to modified duty with restrictions date: 5/6/16," with the following restrictions: "No stooping, squatting, bending or prolonged standing or climbing." The restrictions are incompatible with the job's "Physical Demand Assessment." (Ex. 9.) The Work Comp Status Sheet lists the date of injury as May 9, 2011, and appears to bear the signature of Dr. David Moore, the authorized treating physician for Mr. Gilbert's previous workers' compensation knee injury.

Mr. Gilbert testified he obtained the document at an in-person visit to Dr. Moore's office, where he spoke to a physician assistant and nurse. He acknowledged he did not see Dr. Moore for treatment at that time, nor did he see Dr. Moore sign the document. Mr. Gilbert further conceded he did not know whether the signature on the report is actually that of Dr. Moore.

The last time Mr. Gilbert saw Dr. Moore for treatment was January 7, 2016. (Ex. 1 at 41-44.) It appears Dr. Moore might have imposed work restrictions, as the record of that visit indicated, "[p]recautions and restrictions were discussed with the patient. The patient states that they will avoid risky activities and comply with restrictions." *Id.* at 44. However, the records do not specify the nature of these restrictions. Dr. Moore additionally referred Mr. Gilbert for a surgical evaluation by Dr. Gregory Raab. *Id.*

Mr. Gilbert supplied a copy of the Work Comp Status Sheet to his attorney, who brought it to UPS' attention on July 28. (Ex. 13.) UPS paid no disability benefits until August 30, 2016, when Mr. Gilbert underwent knee replacement surgery.

In opposition to Mr. Gilbert's request, UPS relied on a "Work Comp Status Sheet" from an appointment on April 22, 2016, where Dr. Raab wrote for restrictions, "None formally at this time." (Ex. 16.)

2

## Findings of Fact and Conclusions of Law

### *UPS' Motion to Dismiss Hearing Request*

Before addressing the merits of the request for temporary disability payments, the Court examines UPS' motion to Dismiss.[2] UPS asserted the Court should dismiss the Request for Expedited Hearing because no affidavit accompanied its filing. UPS referenced, correctly, the rule requiring supporting affidavits, Tennessee Compilation Rules and Regulations 0800-02-21-.14 (2015), and referred to requests from the Clerk for supporting affidavits. UPS further attached an e-mail from Mr. Gilbert's attorney to the Clerk advising, "[W]e are relying on Mr. Gilbert's previously filed affidavit regarding the same issue of temporary disability." (Ex 14 at 2.)

UPS' position finds support in the Tennessee Workers' Compensation Appeals Board's decision in *Hadzic v. Averitt Express,* No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015), where the Board noted the rule states that, "*[a]ll* motions for expedited hearing *must* be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." (Emphasis in original.) *Hadzic,* however, involved an expedited hearing where the employee filed no affidavit before the *first* expedited hearing in the case, and the trial court ruled such filing unnecessary since the employee actually testified at the hearing. The Board rejected that analysis. In the instant case, however, Mr. Gilbert filed a Second Request for Expedited Hearing. Notably, the Board in *Hadzic* held the Affidavit rule allows parties "an opportunity to prepare for the hearing or otherwise respond to the claim as they are expected to do," and the rule "promotes the timely and efficient resolution of disputes." *Id.* at *10-11.

With these holdings in mind, the Court rejects UPS' argument. Here: 1) the Dispute Certification Notice designated temporary disability benefits as an issue; 2) temporary disability benefits were argued at the first Expedited Hearing; 3) Mr. Gilbert filed an affidavit with the original Request for Expedited Hearing; 4) Mr. Gilbert's affidavit requested temporary disability benefits; 5) Mr. Gilbert submitted additional medical proof in support of his request with the second Request for Expedited Hearing; and, 6) UPS received the hearing request on August 29 – forty-four days before this hearing. Despite all of these facts, UPS encourages the Court to strictly enforce the rule and dismiss the Request for Expedited Hearing.

The approach encouraged by UPS would not promote the timely and efficient resolution of this dispute, especially when UPS was fully aware of the issue and prepared

---

[2] UPS filed a "Response to Second Request for Expedited Hearing Filed by Employee on August 29, 2016 and Motion to Dismiss" on October 12, one day before the actual hearing and forty-four days after Mr. Gilbert filed the Request for Expedited Hearing. (T.R. 15.) Notably, the same rule on which UPS relies requires a response to a Request for Expedited Hearing filed within five business days after the hearing request is filed.

3

to defend same. Further, the Appeals Board rejected an employer's similar argument in *Kirk v. Amazon.com, Inc.*, No. 2015-01-0036, 2015 TN Wrk. Comp. App. Bd. LEXIS 44, at *16 (Tenn. Workers' Comp. App. Bd. Nov. 16, 2015) ("Employer has not shown or alleged any prejudice as a result of Employee's failure to refile the affidavit with her new request or by Employee's refiling the affidavit following Employer's objection to the request. Additionally, and as noted by the trial court, Employee's 'failure to refile the affidavit did not deprive [Employer] of information needed to respond to the issues raised by the second [request].'").

### *Denial on the Merits*

As stated in the previous order, Mr. Gilbert has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits on the issue of temporary benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). There are two types of temporary disability benefits: temporary total and temporary partial. Mr. Gilbert agreed this is not a claim for temporary total disability benefits. Since restrictions are the issue, this is a claim for temporary partial benefits. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2015) and *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

Before the Court can apply the principles outlined above, it must rule on the admissibility of evidence crucial to the past temporary disability determination, namely, the "Work Comp Status Sheet." (Ex. 12.)

Mr. Gilbert contended the document is admissible under Tennessee Rules and Regulations 0800-02-21.16(6)(b) as a medical record signed by a physician. UPS countered that the signature is not clearly that of Dr. Moore, it differs from the handwriting on the balance of the document, and it is possible that staff other than Dr. Moore signed it, given that Mr. Gilbert admitted he did not witness Dr. Moore sign it. In response, Mr. Gilbert argued that UPS filed its position paper questioning the veracity of this medical record fewer than twenty-four hours in advance of the Expedited Hearing, "sandbagging" because the timing gave him no opportunity to obtain a notarized statement or provide some other means to authenticate Dr. Moore's record. He also argued – convincingly – that the rules do not envision requiring indicia of authenticity beyond the signature, and that UPS' argument essentially places an unnecessary hurdle for parties seeking to introduce medical evidence. The Court agrees with Mr. Gilbert and admits the Work Comp Status Sheet into evidence.

However, the Court places little to no weight upon the Work Comp Status Sheet due to other infirmities UPS identified. UPS correctly observed that the record is undated and contains a date of injury of May 9, 2011. In addition, Mr. Gilbert did not see Dr.

Moore on the day he obtained the Work Comp Status Sheet and in fact had not seen him since January. At that visit, while restrictions apparently were discussed, the records do not specify the nature/extent of any restrictions, and, regardless, Mr. Gilbert continued working until May 6, 2016. Mr. Gilbert urges that Dr. Moore's overall familiarity with his condition from treating him since 2011, and objective "bone-on-bone" diagnostic testing bolster the reliability of these restrictions. In response, UPS persuasively questioned the reliability of Dr. Moore's opinion regarding restrictions, given that the referral physician, Dr. Raab, who examined Mr. Gilbert in April, placed no restrictions.

In sum, at this time the Court cannot find this document sufficiently establishes the existence of work restrictions for the period sought, and accordingly holds that Mr. Gilbert failed to satisfy his burden to show he is likely to prevail at a hearing on the merits regarding his entitlement to past temporary disability benefits. His request is denied.

**IT IS SO ORDERED.**

**ENTERED this the 14th day of October, 2016.**

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

Status Conference:

The Court reminds of the status conference previously set on December 19, 2016, at 8:30 a.m. with Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. **You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the status conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Medical Records
2. Affidavit of Thomas Gilbert
3. Affidavit of Sarah Moore
    A. Joint Petition and Settlement Agreement
    B. Affidavit of Thomas Gilbert
    C. Agreed Order
    E. Moore emails
4. Affidavit of Erik Robling
5. Affidavit of Doug Grissom
6. Wage Statement
7. Causation letter
8. Adjuster fax to Dr. Raab (Admitted for identification purposes only)
9. UPS Physical Demand Assessment
10. Telephone record
11. Counsel's notice of injury to UPS
12. Work Comp Status Sheet, undated
13. Counsel's July 28, 2016 email re temporary disability benefits
14. Emails between Mr. Gilbert's counsel and the Clerk of Court regarding the affidavit
15. Notice of Expedited Hearing
16. Work Comp Status Sheet, April 22, 2016
17. Work Comp Status Sheet, undated[3]

Technical record:[4]
1. Petition for Benefit Determination, May 5, 2016
2. Dispute Certification Notice, June 2, 2016
3. Request for Expedited Hearing, June 10, 2016

---

[3] UPS introduced an additional copy of Exhibit 12 into evidence, identical except for a fax marking near the upper-left corner stating "Jul 28 2016    01:38 PM    Elite Sports Medicine    6158153786." Both attorneys were unaware of whose fax line to which that number refers. The fax marking played no role to the Court's determination on the merits of Mr. Gilbert's request.

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

7

4. Position Statement, Injured Worker, June 10, 2016
5. Permission to Add Penalties to Issues to be Heard by the Court, June 23, 2016
6. Petition for Penalties, June 23, 2016
7. Opposition to Motion for Expedited Hearing, June 24, 2016
8. Opposition to the Motion Filed by Employee titled "Permission to Add Penalties to Issues to be Heard by the Court," and Exhibits, June 30, 2016
9. Supplemental Pre-Hearing Memorandum of Employer and Carrier, July 4, 2016
10. Plaintiff's Response to Defense Supplemental Memorandum, July 5, 2016
11. Expedited Hearing Order, July 12, 2016
12. Appeals Board opinion, August 24, 2016
13. Request for Expedited Hearing, August 29, 2016
14. Position Statement, Injured Worker, August 29, 2016
15. Response to Second Request for Expedited Hearing Filed by Employee on August 29, 2016 and Motion to Dismiss, October 12, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 14th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Constance Mann, Employee's Counsel | | | X | cmannlaw@msn.com |
| David Hooper, Employer's Counsel | | | X | dhooper@hopperzinn.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov